it is still morning so good morning uh to uh both of you and uh happy that you're here and uh we are prepared to proceed so go ahead please good morning good morning sir heaven convoy representing the appellants christina and douglas knapp i would request two minutes be reserved for rebuttal very well thank you as the court is aware this matter is a an appeal from the dismissal of the case in the middle district of pennsylvania by judge mangan judge mangan determined that the filing of a writ of under the federal tort claims act the factual background of the case the plaintiff's allege please with that but can we just jump in obviously it makes it it may make a difference if we have state or federal law governing here in terms of when an action commences uh and we had asked you both counsels to take a look at a number of cases coming from some different contexts that dealt with questions about commencement under you know federal versus state law can you speak to those and should we think about this as analogous to uh diversity cases to kappa uh what do you make of those cases that we've cited to you well well your honor i think that the important case to look at is the supreme court's decision in herb versus pick karen in 1945 where in that case which was a case under the federal employers liability act the court said that when process is adequate to bring the parties into court and start the case on a course of judicial handling which may lead to final judgment without the issuance of new initial process it is enough to commence an action under the federal statute and when you look at this case it is our position that the filing of the writ of summons in pike county court brought the parties into court and started the matter on a course of judicial handling which was sufficient to bring the matter ultimately to uh to a decision well is that is that are you answering my question then by saying it doesn't matter if federal or state law applies because even if federal law applies we should use the rule of that case to mean that uh here where the the substantive cause of action is one under state law not federal law as it was in her karen uh that it would still be commencement as of the precipice i think that it doesn't matter either way i think that a case that's removed from pennsylvania state court that is initiated by writ of summons whether it's diversity jurisdiction whether it's jurisdiction under a federal statute once the case is initiated or commenced that the pennsylvania rules of sole procedure are specific uh in the language that they use and judge phipps in the last argument said statutory construction is important when you look at the statute the rule 1007 of the pennsylvania rules of sole procedure gives the plaintiffs the option to commence an action either a by the filing of a writ of summons or b by the filing of a complaint so whether it's a case that's removed for diversity jurisdiction whether it's a case that's removed uh under a federal statute i i don't think that it matters i think that once the action is commenced it leads us on that process through the court system without the being filed and served well what is the right answer i mean as we study this question and are making pronouncements that may be relied upon beyond this case uh when when we're dealing with the ftca uh or should we be thinking about uh this as a the question of commencement as a state uh question under state law or under federal law which is the right way to think about it i think the case law says that's been cited in our briefs um that and that the court has actually directed us to uh the case to say that federal law applies once it gets into federal court but until that point state law applies let me just follow up on that i'm going to the text of 42 usc 233 c and it talks about any such civil action for proceeding commenced in state court and it talks about the removal part of it so this federal statute talks about commenced in state court it would be strange to me if this statute was not focused on the state court didn't kind of reference or or assumed that state court process would apply for how to commence because it provides no definition of commence and then it's the state courts that decide how to commence in pennsylvania it's kind of unusual with this notion of this precipi that can all can commence an action and then the defendant if no complaint has been filed can then file its own precipi i believe and then if they do that then there's 20 days for a complaint that that's its own i'm not aware of any that have that kind of ping pong back and forth in terms of how something gets commenced it would be strange at one level if this removal provision then said hey forget what it takes to commence in state court we just we think that there's some different federal standard that would work here what do you think i mean is this is it because it's used in a federal statute using a federal standard or is it referencing or assuming the application of state standards since it says state courts i i would agree your honor that because it's referencing commencement in the state court you have to look to the state rules for how actions are commenced i think it's important to understand as well and one of the the issues that the court sent in its recent correspondence concerning the issues for today was whether a complaint constitutes new initial process and i would submit that a complaint filed in state court after an action is commenced with the filing of a writ of summons does not constitute new initial process when you think about it when you file your writ of summons there's a filing fee that writ of summons then needs to be in pennsylvania directed to the sheriff or in philadelphia to some adult who can serve it it has to be the process which is the writ at that point has to be served by the sheriff or the adult in philadelphia and and not to interrupt but but but just just to look at the mechanics of what a court does this statute speaks of civil action when that first precipice is filed a court assigns a state court assigns a civil action number to it it doesn't say oh hey no no case number you now have a case number so if you subsequently file a complaint you will you know the case number that that complaint goes to so it would be very strange at one level to say i filed something precipice got a civil action number but that did not commence a civil action and i agree that that was you you jumped on my next point sorry that's okay um you you make my job a little easier right by doing that so i appreciate it uh but so when you file you get a civil action number you pay your filing fee it's sent to the the sheriff serves it on the defendant at that point if you choose to file a complaint on your own timing or terms you can do so but again no new filing fee no new docket number is required and to question in the absence of the filing of a complaint can you proceed to i would say no your honor you cannot proceed to final judgment but there's a mechanism through the filing of a rule to file a complaint whereby the defense after being served with the writ that notifies them that they've been sued says what's this all about they file a presby in the court uh called a rule to file a complaint the platonicary signs it it's sent to the plaintiff's has 20 days to file their complaint or suffer a default judgment i thought that that i and correct me if i'm wrong one takeaway from pit karen one i guess is that uh you do need uh the the complaint because what pit karen said was it has to be something that could take you to final judgment am i not reading the case correctly and your honor respect please i think that what pit karen says is that it starts the case on a course of judicial handling which may lead to final judgment so the filing of the writ starts the case on that court on that course the filing of the writ is that first step there may be other steps along the way which require which are required in order to get to final judgment but the writ i would submit starts the case on that course that can lead or may lead to final judgment let's accept for the moment that uh we're we're looking at the date of the presby filing as as a commencement uh so when it comes to exhaustion here we've got uh the um the uh preventment of the complaint um to the county uh before the two-year mark the actual receipt by hhs afterwards but a statute that indicates that that those who are considered covered are to be deemed employees of the public health service does that should we should we then under the statute consider um the uh the county agent pike pike or the employee who received it to be essentially the federal agency itself i don't think that's the position that we took at the uh the district court level um and i think it would be disingenuous of me to take that and for the the purpose of the filing of the uh the purpose of the filing of the writ and then taking it through uh its procedure we recognize at the district court level that there was an issue with the timing of the service of the i think it's sf 95 form uh on the department of human services and and that's why at the district court level we indicated that we would concur in the relief requested by uh the united states that the case be dismissed for failure to exhaust administrative remedies so long as that dismissal was done without prejudice so as to allow the plaintiffs the opportunity under the westfall act savings clause to then file their sf 95 form let's get to that in a second but first are you saying it was presented too late or that it wasn't presented at all am i saying that that the the sf 95 form was presented too late in in the first case the first knaft matter that that came before this court um as i'm sure your honors are aware there was a first case that came through in filed in federal court that was dismissed for the failure to exhaust uh or i guess it was really for the sex limitations issue um in this case the filing of the when the writ was filed to commence the action uh exhaustion had not occurred because we were unaware okay i'm so sorry i'm going to interrupt you i'm what i'm going to i just want the answer to our question sure so in in the case that brings us here today when the case was originally commenced the sf 95 form had not been filed at all with anyone and then when it was filed it was filed with the department of it was filed with the the county with the doctor's office uh it was sent to the doctor's office uh not file it was presented hikes not the federal agency for these purposes correct correct and i think that that's what it gets transferred and transferred but it gets into the hands of hhs eventually is it your position that it was presented but late unless you get the benefit of the westfall act or that it was never it's never been presented to the federal agency for exhaustion purposes it eventually made its way to the department of human services so i guess technically it was presented to them but but late but i i but on the original filing the commencement of the action the um it had not been presented at the time that the action was commenced can i can i jump in now yeah okay so so so my my question goes to this the whole point of this um you know 233 is about kind of substitution or maybe not substitution but deeming and so what happens is there's two types of certification that have to happen under 233 one is one done by the secretary of hhs and the secretary hhs says hey i deem this federal medical so this this medical center that receives federal funds and all its employees and the deeming certificates in the so why isn't sending it to that medical center sufficient to present it to the agency because that medical center is deemed to be a federal agency a federal employee so so i don't know why you're kind of saying hey it was late because there's a certification in the record that says that medical center for purposes of this act is a federal employee so it seems that you didn't i mean i don't know why you you think that you messed up because you sent it to an entity that's deemed to be a federal employee and we have a certification in the record that's yes we treat them as a federal employee well and and if your honors want to decide that that was an appropriate service uh on them and that it can be saved by the wesco act or not it doesn't need to yet i mean let me let me just ask another question and it's more fundamental that's something i've really struggled with why does exhaustion apply here i have no idea why it applies it's not provided in 233 233 vicariously references some provisions of title 28 but we 233a case but the proposition is still the same but general reference doesn't cut it and so why is presentment required i mean we have all these other provisions in the ftca like 2679b4 that says oh hey all the other limitations of the ftca apply but that that's not no one wrote that in to section 233 so i'm i'm struggling to find we have this exhaustion we have this presentment requirement for ftca claims but i i don't see why it applies here maybe that's more question for adversary but but you seem to have stipulated to it and so i'm wondering why why you did well i think that reading of of the case law indicates that that it appeared to apply but if you disagree it that's that's fine with me well there are cases that you rely on that would lead one to believe that pipe serving pipe is not serving a federal agency that's your point yeah i i think that's correct i mean when you look at the case law if you're involved in an accident with a postal worker you don't serve your sf95 on that postal worker you serve the sf95 on and you don't serve it on the local post office you serve it on the the office in washington um i think that that's what's required for appropriate service and i know that doesn't support my client but i with all candors to the court i think that that's what's required was this point um wasn't this point determined by the prior panel didn't the prior panel rule on this very point yes yes i think that was the basis for the dismissal that the sf95 had not been filed within uh the statute of limitations for purposes of a federal action an action initiated in federal court not for one initiated in state court that the attorney general then removes the of the westfall act though is that to allow a relation back to the commencement date of the action when the unknowing plaintiff files in state court then finds out after the running of the statute of limitations that this is actually a federally supported entity subject to federal law case gets dismissed without prejudice which is what we're requesting here and then you file your sf95 with the appropriate agency it relates back to the original date that you commenced your action in state court you wait your 60 days or whatever the statute says until uh it's either denied or ignored and then you can move forward with your case on the map so but if that westfall act savings clause does not apply to you then you're out of luck right because the west box savings clause says when the united states is substituted as the party defendant under this subsection and i'm not sure there's been that pure substitution as much as there's been a deeming of the action against the united states but any way we look at it that didn't happen under that subsection that's 26 79 d so if the westlaw act savings clause doesn't apply then you're out of luck that i mean the statute reads in a very inequitable way at one level because people who don't know are just totally out of luck but you would be you and your client would be included in that set of people i would agree with that but i would submit that the westfall act does apply in this case uh and in it's not set in our briefs but i would direct the court to uh two cases out of the seventh circuit the first is a royal versus us it's 656 f third 663 is a 2011 seventh circuit case it involved a medical malpractice claim against doctors who were deemed employees of the public health service under the fshcaa and the court in that case said that the two-year statute of limitations is loosened by the ftca savings provision under section 26 79 d 5 of the ftca that decision is then followed by brooks versus hhs medical which is a 2021 southern district of illinois case in which the court stated courts has courts have operated on a presumption that the westfall act applies to fshcaa cases and that brooks case actually cites the first nap case uh for the proposition that the third circuit has not made a determination as to whether the westfall act applies or doesn't apply help us think about how if that's so how you get there under the terms of of the statute um because as judge fitz has pointed out we've got a um under 233c we've got a more limited provision it takes care of the certification and the deeming it of a of an action against the united states uh and um uh and uh and then says uh that uh it's an action brought against the united states under the provisions of title 28 and all references thereto so should we be thinking about this as uh that that clause sweeping in the substitute both the substitution and removal provisions along with uh the the westfall act um and uh or should we be thinking about it uh as part of the remedy that's provided um in which case you have to grapple with huey and uh and and the court's unwillingness to bring the westfall act in as part of remedy i would submit your honor that when uh the statute says under the provisions of title 28 and all i'm sorry but the seventh circuit uh is deciding as well that if these if these doctors these health care entities are going to be uh given the protections of the federal tort claims act then with those protections come the uh the provisions that allow an unwilling or an and if you think about it i would submit that that would make more sense um this this isn't a case where the knaps are suing a doctor who treated them at a veterans administration hospital where they should know going in there that these are federal employees this isn't a case like i referenced before where you're involved in a motor vehicle accident with a driver who's driving a service truck where you should recognize that these are federal employees in this case the knaps go to the pike county health center and see nurse aronson with no knowledge of the fact that the center is a federally funded center or that the nurse is working for a federally funded center they think they're just going to their doctor's office for treatment and that's why when the case is originally filed it's filed as the knaps versus nurse aronson and pike county health center in the pike county court of common pleas as a medical malpractice action and not filed as the knaps versus the united states in a federal tort claims act action in federal court so the the circumstances lend themselves i would submit more to what the westfall act is trying to protect against which is that unknowing plaintiff who goes to their doctor thinking that it's just the doctor at the county health system without knowing that they're federally funded and only learns later and in this case more than two years later after the alleged malpractice that hey this is a federally funded health center and therefore there are steps that you need to take to preserve your action so the provisions of title 28 and all references there too you're having to do the work of bringing in exhaustion that that's where you think exhaustion comes in and substitution and removal and the westfall act correct so if that is so sweeping and basically brings in everything uh that you from from that section would that include a viv infection the availability of a viv infection no because the ftca restricts it as well there's a restriction in the ftca of the types of cases that you can bring so that if the ftca restricts the types of cases that you can and i think you're referring to the wheat matter the wheat matter says the ftca doesn't allow a viv infection so if it's not allowed that's a restriction on the plaintiff it's not allowed but in exchange for that restriction that a health care provider under the fshcaa is getting they also need to be held to this to the the benefit for the plaintiff so to speak of the savings clause of the westfall act so can i pick up i mean this is very interesting to me but but that same the same clause that judge krauss is asking you about and she said hey you're reading this in a way that sweeps really broadly i mean when we say deemed when when this section 233 says deemed a tort action right there's no real modifiers on that it it if the statute read deemed a presented tort action or a tort action that that meets with the presentment requirements then we'd know that it doesn't sweep in presentment but right now it's silent on that and so we have to kind of do a little bit of statutory interpretation to find out whether deeming something a tort action deems it a presented tort action or an unpresented tort action and it seems that you have taken the position throughout that it deems it as an unpresented tort action for which presentment still applies but at one level the i think it's a legal argument i prevail in a legal argument would be to say that deeming of it a tort action is deeming it a tort action on the other side of presentment so i never had my client and i never had to present and consequently i've just got a live claim that can be removed into federal court no presentment requirement and your honor are you using presentment as it relates to the filing of the sf 95 yes that's exactly right um i think that because it's deemed a tort action under the provisions of title 28 that presentment requirement remains but i guess i'm saying this why isn't it deemed a tort action because you can't commence a tort action under title 28 unless you present it right you can't institute one against the federal government unless you present that's a provision and so i guess what i'm saying is if we're going to deem something a tort action why doesn't that say well we've deemed it a presented tort action because you can't commence a tort action as we know from nap one the third circuit yeah the first case you can't do that in federal court unless you present first and so i guess the question is when there's a section 233 certification and removal why don't we i mean it strikes me that you've got a good potential argument that that should deem it as a presented tort action not one that still has presentment requirements associated with it well and again as i said before if that's what you want to decide and that works for us that's that's fine but i just don't think that my reading of the statutes my reading of the case law excuses that presentment requirement and and the reason for that is that's really the the the basis for the westfall act is that uh you know it may not be the best judicial economy but the westfall act allows the defendant to then come in and say hey we removed this it was never presented it was the sf95 form was never presented to the appropriate agency this should be dismissed on failure to exhaust grounds but allows the plaintiff to then say well wait a minute we didn't know that you were federally federally funded we didn't know that this was going to end up in federal court we didn't know that this uh federally supported health care centers uh assistance act applied so yes we didn't file our sf95 but we should now be given a chance to do so so dismiss this without prejudice allow us to file our sf95 maybe the case goes away maybe the case gets resolved but in the event that it doesn't everything relates back to the initial commencement of the action in state court but you're talking about the theory of the westfall uh savings clause not the application here right because you didn't stand in the shoes of the uh hypothetical point um the hypothetical point that you just talked about right um you you knew you your your your client was unknowing in the way that you're anticipating or arguing that a a typical um a person using the westfall savings clause would be right in my i i would disagree with that your honor i think that at the time the pike county action was commenced with the filing of the writ summons our client was unknowing that the pike county health system and nurse aronson were covered under the fs fsh caa uh we only found that out after that writ was filed and served the writ was served and then a partner in my office got a call from the attorney at at a private firm that said hey this is under the fsh caa and that writ remained outstanding we sent the ss 95 albeit to the apparently the wrong entity uh it should have been sent to the department of human services the yeah the department of health and human services in washington it was sent to the agency in pike county and that was the basis of the dismissal in nap one but all during that time the written pike county remained on the docket with a docket number having been served with no action taken by the plaintiff to file a complaint and importantly no action taken by the defendant to rule us to file a complaint and it was after nap one was decided that we went back and said okay well now we have to file a complaint in the pike county case which leads us down the road that gets us here looking back at the original opinion here granted it was a non-presidential opinion um but uh do we have the same problem there that we're grappling with with the district court here and um at least you know as as regards your arguments that is if uh the panel of our court were holding if it's actually part of the holding and not just a dictum that there was never exhaustion uh because there was never service at all then how could the court make a ruling on timeliness grounds um when there should have been lack of jurisdiction the the ruling that we were seeking at the district court was that there was a lack of jurisdiction because of the failure to submit the sf 95 when the action was commenced in state court but that the i'm talking about the original the federal action the original action in this court prior third circuit the prior opinion how was their subject manager's statement was their subject matter jurisdiction if we take if we take the court's reference to uh they're never having been exhaustion was their subject matter jurisdiction for the district court or for us to opine on the timeliness of filing i think that the the district court in that case determined that the exhaustion was untimely because it got to the department of health human services through whatever channels it got to them more than two years after the date that the alleged malpractice occurred so but our opinion again granted a non-precedential opinion makes the statement that there was never exhaustion it was never served in that case there wouldn't be subject matter jurisdiction right which would lead to the same result that if it was never if there was never exhaustion and it was never served then well i i don't know if it leads to the same result or not i'll be honest i i don't know the answer to that because i'm thinking in this case it leads to the result that the westfall act can operate to allow for exhaustion relating back to the filing of the writ in that case because it was originally filed in federal court without exhaustion um you know i i don't know that there would be subject matter jurisdiction based on that but i think it's it's apples and oranges because in nap one the case was originally filed in federal court under the federal tort claims act in the case that brings us here today it was originally filed in state court with the writ of summons and at that point the plaintiffs were unknowing that the uh exhaustion requirement was was out there so it's your position that there's um there's there's no race judicata effect to anything that the uh park uh that um the prior panel uh ruled upon correct because it's a different procedural mechanism that that we're dealing with here the the because none of those none of those rulings are affect what we're uh to determine here today i don't think that the ultimate ruling uh today is affected by nap one because we're dealing with a if the court determines that the are sf 95 to the department of human services in washington that presentment date will relate back to the filing of the writ which was may sometime in may of 2017 which is within the two-year statute of limitations well um here's what i'd love you to comment on i i think i follow your argument but i i just want to bring one thing up in what we're referring to as nap one um on uh let's see now give me a second i'm i want to give you a page just so there'll be a reference uh it's page three of the westlaw version and i'm oh page 90 sorry page 90 of uh of the reporter it is as judge uh krauss said uh a non-presidential opinion uh it says in the last paragraph even with that knowledge appellants fail to present their claim to the appropriate federal agency we talked about that uh hhs and their arguments that the westfall act saves their claim lacks merit um that uh determination should have no effect on uh our ruling here today because uh the focal point of that one was the federal action as opposed to here uh where we begin with the writ of summons that's your argument correct can we go back for a second to um what we're to make of the reference in 233 to the provisions of title 28 and all references there too um if i understood you correctly before and in response to my question about so does it sweep in bivens um you you seem to be saying that it couldn't under the ftca but the ftca provides a carve out an exception to be able to bring a bivens action right under 226 79 uh b2 um it was the supreme court saying it wasn't going to read that in to uh the fa fsh caa because it was only going to read in as much as there was a remedy provided how do we make that distinction uh with if we're going to rely on this language the provisions of title 28 and all references there too and you say that means it brings in exhaustion it brings in substitution it brings in removal and it brings in this provision of the westfall act uh what do we do with the hui decision uh and the courts you know again the court's unwillingness to read in other significant portions of the westfall act what's the difference honestly i know i have an answer to that your honor um i think that when you're looking at it as it's deemed a tort action against the us that's the same thing that happens under the ftca uh if if the plaintiff but deeming is your position deeming is the same as substituting well it's it requires substitution it requires removal and then substitution because of this language you're saying that it it brings that portion of the ftca in by virtue of reference to the provisions of title 28 there's nothing about substitution in section 233 right right but but i mean that's that's exactly what happened here uh the u.s attorney's office removed it under the fshcaa and then substituted the united states as the defendant how how do we um read in the savings clause as you would have us do without reading in a bivens card out again i think that when you look at for example a royal in the seventh circuit they determine that the two-year statute of limitations applicable in that case which was a case very factually similar to this um is loosened by the savings provision of the uh of the westfall act um the brooks case in southern district illinois helped held the same thing um and and again i think that when you look at the facts it makes sense that that should be carved out here because of the fact that it's more likely that a plaintiff filing suit against a doctor a nurse a facility under whose unknowingly federally funded uh is potentially going to run afoul of the exhaustion requirement um and and therefore need the protection of the westfall act congress could have said the westfall act doesn't apply under fshcaa can i just pick up on one thing in this in this 2679 this is 2679d1 i don't know if you have this in front of you or not i'll read it right and i don't know yeah this what it says it basically says and i'm gonna i'm gonna paraphrase in places well maybe not upon certification of the train general that the defendant employee was acting within the scope of his or her office of his office for employment at the time the incident out of which the claim arose any civil action or proceeding commenced upon such a claim in united states district court says this i'm going to add in a one one shall be deemed in action against the united states under the provisions of this title and all references thereto sounds really really similar to 233c but then it has a second provision and the united states shall be substituted as the party defendant and so that suggests to me that deeming and substitution are not the same thing because i have one provision that says we'll be deemed and i have another provision saying the united states will be substituted and so it's weird if we read 233 is saying she'll be deemed in action without any reference to substitution to then say oh we're going to now incorporate that substitution provision of 2679 because it would suggest that congress in enacting 233 just chose not to have the substitution part because if it wanted to just reference all of title 28 there too it wouldn't need the deeming language so it's weird that it put in the deeming language but not the substitute language see what i'm saying i understand what you're saying but respectfully i i would disagree i think that once it's deemed in action under 2679 once section 233 deems in an action under 2679 you then have to look to 2679 to see what the federal court and the defendant shall be substituted but right now we don't know if if those follow-up consequences in 2679 arise from the deeming or from the substitution we know that we know that 2679 has both and we know as a result of that there are follow-on consequences but what we don't know is if those follow-on consequences come from the deeming or from the substitution and if they come from the substitution only and 233 doesn't have substitution then those follow-on consequences might not apply yes there's a few ifs in there you can push back against the ifs but if but if that's the path i mean i guess but respectfully i would say that once once it's deemed in action under 2679 2679 comes in for the purposes of the procedure of substitution and that's exactly what happened here but not for purposes of a bit of i guess for purposes of presentment but i mean it's weird because it it's it's for some but not others right it's not forgiven to action for presentment and and and yeah i mean if anything hui says we're going to look at this kind of carefully in terms of what we loop in and what we don't loop in and so you would maybe expect a little more direction on anything that would be expected to be looped in is i guess what i'm saying but your position is it's it encompasses everything except the bivens action i think so because the bivens action has been carved out by the court in in in hui well it's carved out with the idea that what's what's in is a remedy just a remedy so is um is substitution is removal substitution part of a remedy is the savings clause part of a remedy if so how i don't think that those are part of the remedy i think those are part of the procedure but i think that the procedure um is necessary under the federal tort claims act which is what these cases are deemed to proceed under well your your argument then is um and i don't mean to quibble over words but the court the court says that it it does bring in um these provisions insofar as they relate to a remedy well you're you're you're saying that these procedures are part of part of that remedy but that the bivens bivens is not that it's in the nature of a more of a substantive action or something different than the remedy is that right yes i'm not sure to be honest with you sorry i i just have one um other question um one of the things that the westfall um clause um asks is that within 60 days of dismissal there is the um essentially the submission of the ff sf 95 to the appropriate agency right um there have been several dismissals here various reasons i don't want to go over all of that i'm just curious is there a reason that the fs 95 wasn't presented after those any of those dismissals the dismissal my understanding of the way the the westfall act works is that the dismissal has to be without prejudice the court has to essentially be the court is essentially granting leave for the party to file their sf 95 and in this in that one and in this case as well uh the district court dismissed those cases with prejudice and in at the district court level in this case we specifically requested that the court grant the motion to dismiss no no i know you want right without prejudice so uh the savings clause requires a dismissal without prejudice in order to trigger that 60 days to begin to run right and that's why that's our position now is that the case should be remanded to the court uh with direction that a dismissal be entered but the dismissal will be without prejudice so that the 60 days would then begin to run okay thank you very much thank you uh good afternoon uh uh council if you'd uh turn your microphone on please we'd love to uh chat okay please report i'm danica response to the united states there's so many interesting issues on the table here i just want to take a step back and make clear this case has to be dismissed right plaintiffs have conceded this case needs to be dismissed this is the second suit to reach this court on the same claims and in the first one this court held that the administrative claim was not timely and affirmed the district courts dismissal with prejudice so we're talking about here is whether the plaintiff can get around the time limit in a third suit about the same claims i think it won't ultimately matter because the first suit was dismissed with prejudice but the if the savings the question of whether the savings clause would apply in that third suit the court would have to find both that the westfall act applies to these federally funded health centers which it doesn't just from the text of the statute and that the precipate was sufficient to um to to commence the suit so i'd just like to start with your call sorry you're calling this a third suit but um this is the continuation of the first suit right this is this is the state suit now um removed in the federal system but uh it's one continuous suit correct so this is i i call this calling this the second one because it's the second one this is the second one to reach this court but yes so we have this one that started in state court the other one that started in federal court but this case has to be dismissed and the question is whether they can file a third suit right the westfall savings doesn't say this case plaintiffs have have conceded for example on page 13 if they're briefed this case has to be dismissed and what we're talking about when we talk about westfall is whether they can file a third lawsuit is it really a third suit i mean if the complaint is dismissed without prejudice uh uh aren't they in a position to file another complaint in that suit it's dismissed without prejudice no your honor so the supreme court and mcneil we may be getting a little too esoteric here but um you know what mcneil says is you have to exhaust your remedies before filing well one case gets dismissed they exhaust they file a new suit so so i think it would be a third a new suit this case would be this without prejudice and we would call the third suit a new suit but but this suit does does have to be dismissed and so all we're talking about is what if they show up again call a third complaint so so just just you said you said this a number of times that and it was your lead which is this suit has to be dismissed now you you're leveraging heavily a concession a repeated concession made by your adversary who basically says as much but embedded in that it strikes me is the assumption that the presentment requirement applies to this case and it's not obvious to me at all that under the reading of the statutes that the presentment requirement applies and so i guess what i'm saying is if the presentment requirement doesn't apply i mean just work with me on this if right if that doesn't apply then this suit doesn't have to be dismissed right it's the present i just have to we're we're pretty far out of the world that i've thought about um so let me just take a minute to think that through so if the presentment requirement didn't apply no this case would still need to be dismissed so there are there are two things right there's the presentment requirement in 2675a and then there's the time limit in 2401b we're actually relying on that time limit in 24 but but but the time limit builds in a presentment requirement and so i guess what i'm saying is if we say there was no presentment requirement for purpose of 2679 or for 2401 then this case wouldn't have to be dismissed it's a big if i i expect you to counter that if but i'm just saying of if that's not there then this case doesn't have to be dismissed i i just i'm not sure what other procedural things would apply if that weren't there so i i don't want to bind the united states on this no court has ever said that the the timing and cases this court applied them addressed this in map one and plaintiffs have conceded but to an action initiated in federal court not to an action initiated in state court deemed to be a federal action and removed to federal court and so the the question isn't whether the presentment requirements would apply in an action in federal court against the united states the question is would the presentment requirement apply to an action in state court against the health center and an employee that the united states then certifies through the hhs certification and the attorney general certification and now brings into federal court and that question seems to be much more of an open question and not answered by map one so it's an interesting argument your honor no court has ever held to my knowledge that plaintiffs don't have to meet these exhaustion and timing requirements there's not a lot of there's not a lot of section 233c litigation either though right well so this court for example in um there is actually a fair amount of section litigation and in every case the plaintiffs um exhaust and um have to have to adopt you know this court in santos looked at whether equitable tolling applies to this exhaustion requirement right there it was assuming um and that the exhaustion requirement applies i'm just not aware of any court that has ever said that that doesn't apply and the reason it does is a textual sorry we're in the statute we're in 233 do we get that requirement and if the only place it seems like it could come is from the reference to this being deemed a court action brought against the united states under the provisions of title 28 and all references thereto which it sounds like you're saying has to incorporate the exhaustion requirement of the ftca right yes your honor okay why then wouldn't it incorporate the the provisions of uh the westfall act and in particular the savings clause so the westfall act doesn't apply that's not suits brought against the united states that suits brought against any employee of the government you can see that over in the westfall act uh in for example 2679 c and d so westfall applies to suits brought against government employees whereas this is against the united states westfall and the federally funded health centers act these are two different paths with different procedural requirements that get you to a suit against the united states if this court held that westfall act applies to suits against federally funded health centers that would have implications that go far beyond this case and beyond the savings and change the procedural requirements in terms of removal right so just just to be clear so the health center's statute is deemed a tort action brought against the united states westfall applies to suits brought against any employee of the government and 2679 d so westfall doesn't apply to suits brought against the united states it applies to suits brought against government employees right it's a it's a second task to get a suit against the united states and you know this court did assume in an unpublished decision her tarot that the best health savings clause applies um to uh the federally funded health center case but it's it's contradicted by the text and it would have pretty significant implications for them how do you reconcile what you're arguing with 233 g1a which says that uh you know for for purposes of uh of this section that uh the the physician practitioner shall be deemed an employee of the public health service i mean they become there to be deemed an employee of the federal government just as uh is provided in in uh to 2670 91 aren't they no your honor it's only as you read for purposes of this section for purposes of 233 not for purposes of 279 so you see over and over it's c it talks about for purposes of this section in 1a and 1b being an employee for purposes of this step uh every time i talk about deeming an not so that doesn't bring in 2679 it doesn't make them an employee for purposes of the westfall act of 2069 or for you know bivens or federal benefits or anything else it's only of 233 that they are deemed an employee so so the um is it your position then that the united states no your honor i i'm i'm a maybe i'm not quite sure how you got there uh so g for purposes of this section meaning 233 they're deemed employees right and then c says attorney general can substitute in um for a for an employee and under that section of 233 they are an employee but when we start talking about other sections like 2679 they're not deemed an employee for purposes of those sections well what did we make of the the language of under the provisions of title 28 and all references there too because all 233c provides is for certification right it doesn't provide for substitution it doesn't provide for removal it doesn't provide for uh exhaustion to to get those those provisions of the ftca and westfall in here don't you need to read them uh into you know this section 233 no your honor so 233 actually does provide for removal and it provides the action is um deemed a tort action against the united states until today i've never heard anybody say that that wasn't saying a substitution so this is a separate path um it's in the second line of my west walk printout any civil action shall be commenced or proceeding to come up since it shall be removed without bond at any time before trial by the attorney general to the district court um and the court actions that and this is really key so this is this is a separate path it's it's not the westfall path it gets you to report action against the united states but you never have a tort action governed by westfall that is against an actual government employee so it's the west sorry it's the westfall provision is d1 when it provides for the united states shall be substituted as a party defendant is that language simply superfluous i don't think i until today yes your honor until today i have never heard anybody say that the deeming doesn't also affect substitution and in cases that are brought under the um the health when the case is deemed to be against the united states um so i'm not aware of substitution doing any additional work there 233 existed for a long time before the westfall act and um it's you know my understanding that it's always been the united states becomes the um the defendant i thought i thought the westfall act added the substitution part i thought that was the point the westfall acts to add the substitution language that's what wasn't there before and that's what was the legislative response am i wrong i'm not just notional but am i wrong on that i thought substitution was was not in the original ftca in 46 and was added in 88 is that wrong it's notional so i could be wrong so i am not as familiar with the westfall acts this part of the legislative history as i probably should be to answer your question your honor but my understanding is that what this what westfall did it wasn't that it this was there but not the yes in fact i know for sure it added um d entirely so it's not that um it's not that there was a process to um deem this assert against the united states but they added the substitute language right they added all of subsection so so so so let me just do a statutory compare and contrast with you right these are these are sometimes fun so so i'm in uh i'm in subsec 233 section c and it says and the preceding deemed a tort action brought against the united states under the provisions of title 28 and all references there too and so the phrase that i'm really concerned about is deemed a tort action right and then we have 28 usc 2679 and it says shall be deemed an action against the united states under the provisions of this title and all references thereto and the united states will be substituted as the party defendant and so the two big differences between 231 is one 233 c says deemed a tort action which is different than just deeming an action seems to do more work than just deeming something an action against the united states and then two d1 has this substitution language that you say before today no one's ever paid any attention to interesting but um but i guess my point is because 233 c deems it a tort action and not just an action why shouldn't we read that is absolving the presentment requirement because in order to bring a tort action you have to present and now we're not deeming it just an action that would require presentment we're actually deeming it a tort action almost a tort action one that had been presented so i mean there's a difference in text but what do you make of that is that just scrivener's error just inconsequential extra word in the statute that we should ignore so i this these are all these are all new ideas that i just haven't seen in any court opinion um i want to take them really seriously and just i'm thinking them through on my feet um so let's see we have this does it by deeming it a tort action eliminate the exhaustion requirement i just don't see how the tort action could um could do that it says an action brought against the tort action brought against the united states under the provisions of title 28 and then if we go to um 2401 it says a tort claim against the united states shall be forever barred unless it was presented in writing to the appropriate federal agency within two years after the claim accrued so i it seems to me that this is talking about tort all medical malpractice claims that come in through through 233 um so so so that that might make a difference but congress just needs to talk about a medical malpractice tort there um but i can inject a new just just another puzzler at least to me a statutory puzzler let's let's see what sense you can make of this i'm in 2679 d4 if you have this in front if you want i can read it but it basically says upon certification and and you know it's its own thing i know you made strong points that it's different to certify an employee versus an action against the united states but upon certification any action proceedings subject to paragraph one two or three shall proceed in the same manner as an action against the united states per file pursuant to section 1346 b of this title and and this is the language i'm concerned about shall be subject to the limitations and exceptions applicable to those actions that language is missing from section 233 so it suggests that those limitations one of which might be a statute of limitations was read into 2679 explicitly and that is absent from 233 congress knew how to write this they wrote it but they didn't include it in section 233 so they essentially say you will be subject to those statute limitations but you didn't say that they didn't say that with respect to 233 what do you think i'm i know you're gonna tell me i'm good yes your honor so 233 c has entirely different language right in in d4 of the westfall act it's deemed an action filed pursuant to 1346 b and subject to limitations and exceptions right 1346 b and the limitations and exceptions whereas 233 c is being court action brought against united states under the provisions of title 28 and all references there too so that brings in everything in title 28 that applies to a tort action against the united states but not the west falls act savings clause no because the westfall act savings clause does not apply to tort actions brought against the united states it only applies to tort actions brought against descendant employees and rules under 2679 neither of those but but what has to happen though is this you said that until today you've never heard of a difference between deeming and substitution right so they never heard but the westfall act provision this d5 talks about an action or proceeding which the united states is substituted is the party defendant and here there's not a substitution but a deeming and so if these are different contexts then it strikes me that you're are if substitute and deeming are not coextensives and synonyms then it seems that really what you're saying is d5 doesn't apply because the united states isn't substituted as a party so that could be another reason that d5 does not apply i don't know what you call it though when the case shows up in federal court and the defendant is changed from being the health center to being the united states i think that's just called and that's what happens so uh so i just don't it's just weird though it's weird that congress would go out of its way to use two different phraseologies and treat them differently as if and then say they mean the exact same thing and and substitute is the exact same thing as deeming and therefore some of the references to both just must be totally superfluous that's kind of the can against superfluity says don't do that so i i hear what you're saying i do think that the way that this operated before the west fall act was that it was people the cases were removed and the captions were substituted this is this question of whether this suit had to be um whether plaintiff had to exhaust their administrative remedy was decided of course in nap one and both claim and issue preclusion would apply uh to that that decision plaintiff hasn't made this argument and and no other court as far as i'm aware has has has said that this difference makes this kind of this makes this kind of difference um and i i think that it makes sense in terms of how these statutes developed that they um that they have the language that they have in terms of how the statutes developed i mean that cuts against you a lot because the westfall act is designed to give people an extent a kind of an extra crack at a cause of action and the way that this is working if the westfall act doesn't apply here then there's no extra crack at a cause of action so if we want to if we want to get into the purpose of the westfall act and what the westfall act is trying to do try and that its savings clause definitely is trying to give people another crack at the action when they sue the wrong person or when they don't present and it seems strange to say let's let's look at that to talk about these differences and give context these differences but let's ignore that text when it comes to the harsh reality that if the savings clause doesn't apply then this case was dead a long time ago right i'm not sure your honor so in terms of whether it makes sense that congress did it this way i think it does make sense right in the federally funded health centers assistance act which postdated westfall congress um congress put the united states on the hook for all of the medical malpractice liability that happens at these health centers and it put limitations in place and well with a federal employee you know you can get in a car accident with somebody and not know until um until you file suit that they're a government employee within the scope of employment but for health centers hhs maintains a database it's now available on their website and the seventh circuit has said it's you're not asking too much of the medical malpractice bar to know to check this website and any fairness concerns that are there the equitable schooling framework as this court said in santos still applies we just don't have fairness concerns here because which the health center called plaintiffs and told them they needed to proceed by the sdca about three weeks before their ss95 would have been due their administrative claim would have been due and the district court in the case that i'm doing that one the case that started the federal court said you know that was ample time and they would have figured out what they i just don't think are there to the same degree for health centers where there's this database that medical malpractice lawyers can check to find out if their medical malpractice claim involves a federal um federally funded health center let me uh ask you one question as a follow-up on this uh westfall act conversation that uh we've been having um i think in your dismissals that have occurred there there's been um there's been no presentment to hhs following them within 60 days um your adversary i think when i asked him about that said well that wouldn't have happened because in those instances those dismissals were with prejudice and the fact that were with prejudice would have precluded any um presentment to follow within 60 days could you just uh speak to that issue for a moment uh i i'm afraid that on this i am confused because i actually had thought that they did file another administrative claim after the district court's decision that's not in the i i'm not actually sure i i apologize i i i'm not sure about the with prejudice without prejudice yeah i'm sure i'm sure it should be with prejudice what i what i'm not sure about is whether the time for filing the administrative claim whether that's 60 days started running when the district court i just don't know the answer to when that 60 day starts to run i i would submit that it doesn't matter because the westfall i can't apply to this suit um and because um both because of the text of the westfall act and because of the commencement issue and also in a third case even if this one dismisses our prejudice you have that prior dismissal with prejudice but those are the same claims as plaintiff is um is bringing here so i i would think claim preclusion would also apply in a so that's all to say i apologize i just haven't looked the question of of whether they need to have filed after the district court decision or whether they could still file in a case where the westfall is applied after um this court's opinion all right but on the applicability of the of the westfall act uh in these health care center cases um it appears in the case law that the government um sometimes removes under 2679 d and sometimes removes under 233 uh is is it up to the government then um which of these applies uh and whether the as a result the the westfall act and savings clause applies no your honor 2679 never applies sometimes people make mistakes um but these cases have to be removed under 233 and this case was removed under 233 you can see that at ja24 and westfall just doesn't provide for removal of cases that aren't against government employees and so um the fact that somebody makes a mistake in the removal papers doesn't change that um as i said these are these are separate paths to get to an ftca suit against the united states um and while confusion this is very technical and confusion is understandable but um only 233 applies um we haven't given you much opportunity to talk about commencement as a state or federal law matter uh do you want to speak to that at least briefly certainly your honor so this is a federal statute commencement should be then determined by federal law we're looking at the purpose of the statute which is to provide um fairly prompt notice and a uniform rule right this two-year period applies everywhere in every state it just can't be in that scheme that you can file something sit on it for years this was three years but there's no limit in pennsylvania law it could have been three or five or ten or who knows and then resuscitate your suit when courts were looking at how claim accruals decided whether that was a state or federal question um as the the second circuit said it would be inimical to the that the prescription of the short period was um was intended to avoid and whatever it means to commence it just can't be this this precipice doesn't say anything right all it says is kindly issue a summons in civil action in the above action it doesn't say what the action is as this this court noticed in uh sicarica the defendant doesn't have to show up in response to it the it's not considered a pleading under pennsylvania state law rule 10 17 there's no way to get to judgment without a complaint so whatever whatever commencement means whatever congress meant by commencement suit it just can't have meant something like this well well just you know 13 46 b1 says you know the united states is you know liable under the ftca if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred so it seems strange to make a huge push for uniformity right in a statute that basically says we're going to take the law of each state like like it would strike me that maybe in accordance with the law of the place where the act or omission occurred and we want to look at what occurred means would be very close to what accrual means right and those aren't two two two different but then it seems strange to make a play for uniformity when the entire arc of this statute is about using state law as a basis for making the federal government liable and to boot just just in case that's not enough i know you're going to tell me that less black doesn't matter but when you make a scope certification and you look whether something is in the scope of a federal officers or employees employment you don't look to federal law you look to state law so it strikes me is really really amazing to say oh everything we're doing looks at state law except for commencement of an action there they're there we need to look to exclusively federal law that's a little out of step with everything else i know about the ftc tell me tell me why that's wrong yes your honor so but i'm not going to tell you that we don't care about westfall here because we are only talking about commencement if we get to the point where westfall applies it doesn't but this is the westfall act that we're talking about and so we do care about the westfall act if we get to the point where we're looking at the west okay so the west thought does matter but what the west thought does is it sets up a regime in which the law applies but the time limits come from federal law from 2401 right so we have state substantive law federal time limits federal time limits only with respect to presentment not with respect to commencement of a civil action no your honor so 2401a says the tort claim shall be forever barred unless it's presented within two weeks after such claim accrues right so that is the time which is a uniform time limit it applies in every case and as all the courts looking at when a claim accrues said it just can't be allowed the state to do indirectly what the state can't do directly by extending that period of time that two years beyond what um beyond beyond the two years that congress wanted so that's why we have federal claim accrual rules if this counted there the two years would become meaningless or or it's almost as if section 233 does not want to account for the presentment in 2401 that's that that's another inference now no one's ever made that before you're i know you're gonna be quick to tell me that but that is another inference that could be made so wait you're on 233 doesn't oh 233 is totally separate from the west fall act right right so 233 um doesn't doesn't tell us we don't look at 233 when we're trying to decide what commencement means in the west fall but we are looking at the regime that governs suits against the united states right we have a waiver of sovereign immunity congress waived sovereign immunity now we're talking only about westfall only about federal employees but congress waived sovereign immunity for these towards against federal employees acting within scope and congress in that waiver says you know we have these limitations including 2401 which tells us the time limit the the language that your honor was reading to me earlier in b4 tells us you know so we have this time limit we know and the time limit is a federal time limit it applies to everybody um and that gets these cases then suspension of the attorney general within two years that just would not happen if we had a world in which somebody could file a precipice and then just let it sit for you know five years 10 years 15 years who knows without any kind of action without anything that tells the attorney general that this is the kind of case um that would be be of the suit against the united states right so it just can't be that this kind of thing that could extend the limitations period indefinitely is the kind of thing that congress meant uh meant to sweep in this also doesn't um i want to be careful with versus pit parents because that predated the federal rules and of course now we have federal civil procedure three which tells us what commence means but even looking at at that language there that was the the pre-rule three world where somebody first stopped and then served so something that puts the defendant um on the right court because the defendant can't remove it and the defendant doesn't have to show up at all so however you want to think about this um this precipice does nothing it's certainly you know whatever that's the savings that is intended to do it wasn't intended to give a plaintiff an additional bite at the apple it for people who didn't know where they were supposed to sue um who they were supposed to sue which of course isn't at here um you know nothing in westhoff savings is designed to let people bring bring multiple suits um just just to clarify 2401 um a is a six-year statute of claims but that that's that's on presentment to the appropriate federal agency right it has no it has a time limit so barred unless it's presented in writing to the federal agency within two years after such claim accrues so that's actually where that time limit comes from 26 75a and 2401b work together you have to present first you have to present within two years you can't fight it then if you keep going in 2401b um the action has to be get be begun within six months after the date of nailing of the final denial of the claim so that's that tells you all of this how all the time will it fit together so you have to file your claim within within two years you can wait for that that claim at 25 26 75 a tells you if you wait you have to wait at least six months you don't have to you can ensure it is denied but then once you get a denial then you have to file your suit within six months so that sets out this whole limitations period under federal law which of course would really be undermined if we could have a system in which somebody files something that doesn't tell us what the suit is about that isn't enough for the attorney general to come in and remove and substitute and then can just sit on the you know i mean basically what you're doing though is you're disparaging pennsylvania's system right you're saying you're saying that's a horrible system please don't apply it to the united states right but that's pennsylvania's system and if state law applies your your disagreement is just you don't like pennsylvania's system right but 233c suggests that we're looking at when something is commenced in state court and and you rejoin that no frcp3 tells us when an action is commenced but frcp1 tells us that the federal rules only apply to proceedings in federal court not those in state court and so 233c is already saying something not governed by the federal rules because it's in state court so i mean it almost seems that what you're trying to say is pennsylvania's system doesn't work we don't like this press this precipice system you can't apply it to the federal government well i mean if we're to look to state law for when something commences and we look to state law for just about everything else in this court space then it it's it's strange to me that it wouldn't be the filing of the precipate and the united states would have all of the remedies that any other defendant would have in pennsylvania who receives a precipice they could file a they could file their own precipice saying please file a complaint and if the plaintiff didn't file a complaint within 20 days then they lose their that's that's not that bad nothing is causing anyone to wait for years and years and years asking you to wait 20 days seems a lot better than two years under presentment so i i'd like to say four things to respond to that your honor and i hope i remembered them all um the the first is that um i'm going to look at 233 to interpret the westfall act right we're only now we're talking about the westfall act we're only looking at the westfall act you could make the same point looking at the language of the westfall act i'm not disparaging pennsylvania law what i'm doing is looking at a waiver of sovereign immunity of the united states which needs to be read narrowly which has certain procedural requirements attached we don't look to state law to figure out the time limits we don't look to state law to figure out when the time starts in terms of accrual there's no reason that we would allow a state law procedure to for the same reasons that we do that we shouldn't allow a state law procedure to blow up the end of this period um and let it go on indefinitely now your honor said there's no problem with making the attorney general show up in state court but the attorney general doesn't litigate tort suits in state court and the thing about the precipice as this court recognized in sicarica is it doesn't have any information it doesn't tell us if this is a case where the attorney general should be defended or if this is a case of health center needs to get its own counsel so either we have the attorney general showing up litigating cases in state court that may or may not be at least filing in state court that may or may not be uh cases about the government or we have health centers doing exactly what the health center act is designed to prevent and having to get their own counsel but there's no deadline like there is in 1446 right i mean in sicarica we uh you know we were concerned with that with that removal statute with the deadline so yeah you got to know but also with a rule that talks about uh the uh setting forth a claim for release we we don't have here a particular deadline right there could be removal under 233 uh when it's uh apparent that certification's warranted and there's nothing that suggests that commencement needs to be in connection with uh notice about the the nature of the claim so your honor i i only pointed to sicker rickia um to to to as an example of a place where the court um recognized that the press pay is insufficient to give notice for the defendant what we're looking at here with this federal statute and this waiver of sovereign immunity one of the things that tells us this can't be the kind of thing that congress is looking at is thinking of is that the precipice is not sufficient to give notice to the government what this claim is about it's not sufficient um to to um allow the government in that relatively short period set out by the two years it's not sufficient to allow the government to figure out that this is a tort action against the um against the united states as what what two-year deadline applies is against the united states so that the now i'm wondering if i miss misspoke but what i was talking about is 2401b says you have to file your administrative claim within two years right yes oh yes so the united states doesn't have a deadline the united states can remove any time um until trial so it's not we don't have the problem is in sic a ricka where you have to make the decision to remove right before before the united states could know what this claim is about but we have a different problem which is that we have a waiver of sovereign immunity that is set up in a scheme where the united states should know within um within about two years whether this bears this claim against the united states and where do you get that from where is that two-year deadline for the united states certainly so it's it just be clear the united states should find out because plaintiff should tell them within two years so it's a deadline for plaintiff plaintiff have to file their claim within two years um and then if it's a suit against the united states governed by it you see if it's a suit against the government employee then they can also file suit in state court within two years against the government employee but it's that same two years and then the government employee has to i i believe it's in um it's in d2 i i the the employee has to let the states let the attorney general the head of its department know that this suit exists so all of this is set up to bring these claims to the united states um within about two years and as the um to the united states's attention the attorney general within that time period and um that quote you know just as the courts all said looking at accrual rules that whole scheme would be undermined if states could do i i believe i'm putting the fixer here do indirectly what they can't do directly and use state law rules to get around that two-year payment because congress only brought in the federal the the sorry congressman brought in the state substantive rules not the state time limit and it's your answer we excited to you uh i'll ask the same question that i i had uh asked of your your colleague uh the cases that we cited dealing with diversity katha um is is your answer you distinguish them solely on the basis of this involving sovereign immunity or is there some other reason that we in all these other contexts we're looking to commencement as a matter of state law but not here so the reason it comes straight out of erie that you look to state law for commencement for um for diversity cases so erie and then walker the concern there is that you don't want people to have a different time period for filing suits when um they file in federal court versus state court the the suit if you have a good suit it should be good in either it should in one court it shouldn't be good in the other and that's why the time periods need to be the same in diversity cases katha is also diversity it just lowers the um the the uh filing pressure the amount of money um by allowing you to put claims together so and farina uh was very clear right the court had already held that there was no federal question jurisdiction that was purely diversity so in these diversity cases the idea from erie is that we need the same results in state court and federal court here we're dealing with something completely different right here we are dealing with a um the goal isn't to get the same result in state court and federal public this case would never happen in state court here what we're looking at as is a waiver of that congress put in place but the the the um justifications for applying the same rule in terms of the state rule for diversity cases in terms of getting to the same outcome in state and federal court that just doesn't apply at all in um fdca suits all right well thank you so much thank you your honor if there are no further questions ask the court to affirm thank you council thank you uh may it please the court just to address one of the issues that that council had raised about the filing of the presbyter's writ of summons and allowing that to sit for five or ten years and then resuscitate the suit it doesn't resuscitate the suit the suit doesn't need to be resuscitated because the suit's suit's not dead it's the the suit is filed it's commenced in state court with the filing of the writ of summons uh we're not asking here to extend the two-year period for commencement of an action we're not asking to extend the two-year period for presentment of the action to the um to the department of health and human services you're not asking for it but isn't that the practical result well it's the practical if it's the practical result it's because that's what the westfall act is designed to do is to relate back to that commencement of the action for um for the determination that the the presentment of the action the sf95 form is determined to be presented on the date that the state suit was filed that's what the statute says but it doesn't extend the statute limitations if we waited until two years and one day to file a presby for writ of summons against nurse aronson and the pikes county uh health center we wouldn't be here because it would be clear that the statute limitations had expired two years and one day after the the date of the alleged malpractice here i don't think there's any argument uh by the defense that the writ of summons was untimely filed as it relates to limitations so it doesn't extend the statute limitations it extends the westfall act extends the time for the presentment of the sf95 form but we would still be within those two years all right thank you so much thank you uh council uh thank you for your arguments we'll uh take the matter under advisement thank you please rise this course stands adjourned